# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARIAN DOUGLAS,** | : | |
| 408 S. Cedar Street | : | Case No.: 2:19-cv-5568 |
| Danville, OH 43014 | : | |
| | : | JUDGE |
| vs. | : | MAGISTRATE JUDGE |
| | : | |
| **ASPEN MANAGEMENT USA, LLC** | : | |
| c/o Statutory Agent | : | **Jury Demand Endorsed Hereon** |
| David B. Wurster | : | |
| 1566 County Road 1095 | : | |
| Ashland, OH 44805 | : | |
| | : | |
| **Defendant.** | | |

## COMPLAINT

NOW COMES Plaintiff Marian Douglas ("Plaintiff and proffers this Complaint for damages against Defendant Aspen Management USA, LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Marian Douglas is an individual, a United States citizen, and a resident of the state of Ohio. Plaintiff Douglas resides in Knox County, Ohio.

6. At all times relevant herein, Plaintiff was an employee of Defendant as that term is defined in the FLSA and O.R.C. § 4111.

7. Defendant Aspen Management USA, LLC is a domestic limited liability company conducting business in Knox County in the Southern District of Ohio.

8. At all times relevant herein, Defendant was an employer as that term is defined in the FLSA and O.R.C. § 4111.

9. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

10. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has an annual gross volume sales and/or business in an amount not less than $500,000.00.

## FACTUAL BACKGROUND

11. Defendant is in the business of real estate acquisition and management of residential properties.

12. Defendant has a corporate office based in Ashland, Ohio and owns and operates multi-family homes in Ohio, Indiana, Kentucky, and West Virginia.

13. Defendant employs Property Managers to manage properties in the above locations.

14. Property Managers are responsible for maintaining property aesthetics and condition, property financial performance, addressing tenant issues, collecting rent payments, among other things.

15. Upon information and belief, Defendant employs approximately fifteen (15) Property Managers to manage its properties.

16. Plaintiff Douglas was hired by Defendant in or around August 2014 in the position of Property Manager.

17. At this time, Plaintiff was paid on a salary basis.

18. In or around 2016, Plaintiff was reclassified as an hourly employee and was paid on an hourly basis.

19. Plaintiff regularly worked more than forty (40) hours each workweek.

20. Plaintiff was not compensated at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

21. Plaintiff was told by her direct supervisor, Jami Stoner, that she was not allowed to report overtime hours on her time sheet unless there was a special circumstance for the overtime hours.

22. Thus, despite routinely working anywhere from forty-four (44) to fifty-five (55) hours per week, Plaintiff would only log forty (40) hours on per week on her timesheets unless there was a special circumstance that Ms. Stoner would approve.

23. Plaintiff also received non-discretionary monthly bonuses based on individual property performance, non-discretionary additional pay renewal incentives for increased rent rates,

3

and non-discretionary quarterly and annual bonuses based on budget and overall property performance.

24. None of these non-discretionary bonus items were included in Plaintiff's regular rate of pay calculation.

25. Because the non-discretionary bonus items were not included in Plaintiff's regular rate of pay calculation, the non-discretionary bonus items were similarly not included in Plaintiff's overtime calculation.

26. These non-discretionary bonus items were announced to Plaintiff to induce her to work more steadily, rapidly, or more efficiently, or to remain employed with the Defendant.

## FIRST CAUSE OF ACTION
**FLSA 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime**

27. All of the preceding paragraphs are realleged as if fully rewritten herein.

28. Plaintiff was an employee of Defendant within the previous three years of the filing of this Complaint.

29. Plaintiff was not exempt from the overtime requirements of the FLSA.

30. Plaintiff was paid on an hourly basis.

31. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at her regular rate of pay.

32. Defendant was aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

4

33. Defendant knew of the overtime payment requirement of the FLSA and that Plaintiff was a hourly-paid, non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

34. Defendant's refusal to properly compensate Plaintiff as required by the FLSA was willful.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continue to suffer damages and is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, and all other remedies available under the FLSA.

## SECOND CAUSE OF ACTION
### (OMFWSA, R.C. 4111.03, *et seq.* – Failure to pay Overtime)

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. Defendant has violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Chapter 4111 *et seq.*, by not paying Plaintiff overtime compensation for all hours worked per workweek in excess of 40.

38. Defendant's knowing failure to properly pay Plaintiff is a violation of Section 4111.03 of the Ohio Revised Code.

39. For Defendant's violation of Section 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## THIRD CAUSE OF ACTION
### R.C. 4113.15 – Failure to Tender Pay by Regular Payday

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff all wages, on or before the first day of each month, for wages earned during the first half of the preceding month ending

with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

42. Under O.R.C. § 4113.15, Defendant is required to pay its employees within thirty (30) days of when they performed compensable work.

43. Plaintiff's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

44. At all times relevant herein, Defendant has failed and continues to fail to make proper wage payments to Plaintiff for all overtime compensation for hours worked in excess of 40 in a workweek.

45. By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, as to the First Cause of Action, Plaintiff is entitled to and prays for the following relief:

A. A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA;

B. An injunction against Defendant from engaging in each of the unlawful practices, policies, and patterns set forth herein;

C. An award of unpaid overtime wages due under the FLSA;

D. An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

E. An award of prejudgment and post judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

G. Such other legal and equitable relief as this Court deems appropriate.

WHEREFORE, as to the Second Cause of Action, Plaintiff is entitled to and prays for the following relief:

H. An award of unpaid overtime wages due under O.R.C. Chapter 4111;

I. An award of prejudgment and post judgment interest;

J. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

K. Such other legal and equitable relief as this Court deems appropriate.

WHEREFORE, as to the Third Cause of Action, Plaintiff is entitled to and prays for the following relief:

L. An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendant failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15;

M. An award of prejudgment and post judgment interest, and all other damages available under R.C. 4113.15;

N. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)

(Kyle@MansellLawLLC.com)  
**Mansell Law, LLC**  
1457 S. High St.  
Columbus, OH 43207  
Ph: 614-610-4134  
Fax: 614-547-3614  
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)