## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **MARIAN DOUGLAS,** | : |
| 408 S. Cedar Street | :   Civil Action No. 2:19-cv-5568 |
| Danville, OH 43014 | : |
| | : |
| **Plaintiff, on behalf of herself** | :   JUDGE |
| **and all others similarly situated,** | : |
| | :   MAGISTRATE JUDGE |
| | : |
| v. | : |
| | :   **Jury Demand Endorsed Hereon** |
| **ASPEN MANAGEMENT USA, LLC,** | : |
| c/o Statutory Agent. | : |
| David B. Wurster | : |
| 1566 County Road 1095 | : |
| Ashland, OH 44805 | : |
| **Defendant.** | : |

### FIRST AMENDED COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Marian Douglas ("Plaintiff"), individually and on behalf of herself and all others similarly situated, and proffers this Complaint for damages against Defendant Aspen Management USA, LLC ("Defendant").

### JURISDICTION AND VENUE

1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3.     This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5.     Plaintiff Marian Douglas is an individual, a United States citizen, and a resident of the state of Ohio.  Plaintiff Douglas resides in Knox County, Ohio.

6.     At all times relevant herein, Plaintiff was an employee of Defendant as that term is defined in the FLSA and O.R.C. § 4111.

7.     Defendant Aspen Management USA, LLC is a domestic limited liability company conducting business in Knox County in the Southern District of Ohio.

8.     At all times relevant herein, Defendant was an employer as that term is defined in the FLSA and O.R.C. § 4111.

9.     At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

10.    Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has an annual gross volume sales and/or business in an amount not less than $500,000.00.

2

## FACTUAL BACKGROUND

11.     Defendant is in the business of real estate acquisition and management of residential properties.

12.     Defendant has a corporate office based in Ashland, Ohio and owns and operates multi-family homes in Ohio, Indiana, Kentucky, and West Virginia.

13.     Defendant employs Property Managers to manage properties in the above locations.

14.     Property Managers are responsible for maintaining property aesthetics and condition, property financial performance, addressing tenant issues, collecting rent payments, among other things.

15.     During the relevant time period, Defendant employed and continues to employ approximately fifteen (15) Property Managers to manage its properties.

16.     Plaintiff Douglas was hired by Defendant in or around August 2014 in the position of Property Manager.

17.     Initially, Plaintiff and Property Managers were paid on a salary basis.

18.     In or around 2016, Plaintiff and Property Managers were reclassified as hourly employees and were paid on an hourly basis.

19.     Plaintiff and Property Managers regularly worked more than forty (40) hours each workweek.

20.     Plaintiff was not compensated at a rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) in a workweek.

21.     Plaintiff was told by her direct supervisor, Jami Stoner, that she was not allowed to report overtime hours on her time sheet unless there was a special circumstance for the overtime hours.

3

22.     Thus, despite routinely working anywhere from forty-four (44) to fifty-five (55) hours per week, Plaintiff would only log forty (40) hours on per week on her timesheets unless there was a special circumstance that Ms. Stoner would approve.

23.     Plaintiff and Property Managers also received non-discretionary monthly bonuses based on individual property performance, non-discretionary additional pay renewal incentives for increased rent rates, and non-discretionary quarterly, half-year, and annual bonuses based on budget and overall property performance.

24.     None of these non-discretionary bonus items were included in Plaintiff's or Property Managers' regular rate of pay calculation.

25.     Because the non-discretionary bonus items were not included in Plaintiff's or Property Managers' regular rate of pay calculation, the non-discretionary bonus items were similarly not included in Plaintiff's and Property Managers' overtime calculation.

26.     These non-discretionary bonus items were announced to Plaintiff and Property Managers to induce them to work more steadily, rapidly, or more efficiently, or to remain employed with the Defendant.

### COUNT I
**FLSA Collective Action, 29 U.S.C. §201, *et seq*. -
Failure to Pay Overtime**

27.     All of the preceding paragraphs are realleged as if fully rewritten herein.

28.     Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class who worked over forty hours in any workweek but were not properly compensated under the FLSA. The class includes:

4

All current and former hourly paid Property Managers of Defendant who, during the past three (3) years, who received bonuses or other non-discretionary pay.

These individuals are referred to as the "FLSA Class".

29.    Plaintiff and the FLSA Class Members were subject to the same payroll practices.

30.    This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA.  Plaintiff is representative of all SSPs and are acting on behalf of others' interests as well as her own in bringing this action.

31.    These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

32.    In addition to the Plaintiff, numerous putative FLSA Class Members have been denied proper overtime compensation due to Defendant's company-wide refusal to pay overtime compensation and/or refusal to correctly calculate overtime compensation owed.

33.    Plaintiff and the SSPs were paid on an hourly basis.

34.    Plaintiff and the SSPs were non-exempt employees.

35.    Plaintiff and the SSPs frequently worked more than 40 hours per week.

36.    Defendant refused to pay overtime pay to Plaintiff and the SSPs.

37.    Plaintiff and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

5

38.     Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

39.     Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as to whether it were required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40.

40.     Accordingly, Plaintiff and the SSPs were forced to work more than 40 hours per week without proper overtime compensation.  As a result, Plaintiff and the SSPs have been damaged.

**SECOND CAUSE OF ACTION**
**(OMFWSA, R.C. 4111.03, *et seq.* – Failure to pay Overtime)**
**(on behalf of Plaintiff Douglas only)**

41.     All of the preceding paragraphs are realleged as if fully rewritten herein.

42.     Defendant has violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Chapter 4111 *et seq.*, by not paying Plaintiff overtime compensation for all hours worked per workweek in excess of 40.

43.     Defendant's knowing failure to properly pay Plaintiff is a violation of Section 4111.03 of the Ohio Revised Code.

44.     For Defendant's violation of Section 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio law.

**THIRD CAUSE OF ACTION**
**R.C. 4113.15 – Failure to Tender Pay by Regular Payday**
**(on behalf of Plaintiff Douglas only)**

45.     All of the preceding paragraphs are realleged as if fully rewritten herein.

46.     O.R.C. § 4113.15(A) requires that Defendant pay Plaintiff all wages, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

47.     Under O.R.C. § 4113.15, Defendant is required to pay its employees within thirty (30) days of when they performed compensable work.

48.     Plaintiff's unpaid wages have remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

49.     At all times relevant herein, Defendant has failed and continues to fail to make proper wage payments to Plaintiff for all overtime compensation for hours worked in excess of 40 in a workweek.

50.     By failing to make the wage payments within 30 days of when such payments were due, Defendant has violated R.C. 4113.15.

## **PRAYER FOR RELIEF**

WHEREFORE, as to the First Cause of Action, Plaintiff is entitled to and prays for the following relief:

A.  Certification as a collective action to all SSPs and appointment of Plaintiff and her counsel to represent the FLSA Class;

B.  An order directing Defendant to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the Class are entitled, including

   i.  An award of unpaid overtime wages due under the FLSA;

7

      ii.  An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

     iii.  An award of prejudgment and post judgment interest;

     iv.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

      v.  Such other or additional legal and equitable relief deemed appropriate by the Court and available under the FLSA in an amount greater than $100,000;

C.  A declaratory judgment that Defendant's practices complained of herein are unlawful under the FLSA;

D.  An injunction against Defendant from engaging in each of the unlawful practices, policies, and patterns set forth herein;

WHEREFORE, as to the Second Cause of Action, Plaintiff is entitled to and prays for the following relief:

E.  An award of unpaid overtime wages due under O.R.C. Chapter 4111;

F.  An award of prejudgment and post judgment interest;

G.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

H.  Such other legal and equitable relief as this Court deems appropriate.

WHEREFORE, as to the Third Cause of Action, Plaintiff is entitled to and prays for the following relief:

I.   An award of an additional six percent of Plaintiff's unpaid wages, or two hundred dollars per pay period in which Defendant failed to properly compensate Plaintiff, whichever is greater, pursuant to R.C. 4113.15;

J.   An award of prejudgment and post judgment interest, and all other damages available under R.C. 4113.15;

K.   Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com)
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com)
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)