IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARIAN DOUGLAS, et al., | : |
| | : |
| Plaintiffs, | : |
| | : Case No. 2:19-cv-5568 |
| v. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Jolson |
| ASPEN MANAGEMENT USA, LLC, | : |
| | : |
| Defendant. | : |

**ORDER**

This matter comes before this Court on Plaintiffs' Motion for Summary Judgment. (ECF No. 31). This Court held Oral Argument on Plaintiffs' Motion (ECF No. 37), and for the reasons set forth below, **GRANTS in part and DENIES in part** the Motion.

I.      BACKGROUND

Defendant Aspen Management USA, LLC ("Aspen") is a real estate acquisition and management company, having its corporate office in Ashland, Ohio. (ECF No. 18 at ¶¶ 11–12). Aspen "owns and operates multi-family homes in Ohio, Indiana, Kentucky, and West Virginia." (*Id.*, ¶ 12). Defendant employs property managers at each of these locations, to oversee the day-to-day operation of these properties. (*Id.*, ¶ 13). "Property [m]anagers are responsible for maintaining property aesthetics and condition, property financial performance, addressing tenant issues [and] collecting rent payments, among other things." (*Id.*, ¶ 14). While property managers were initially paid on a salary basis, "[i]n or around 2016 [they] were reclassified as hourly employees and were paid on an hourly basis." (*Id.*, ¶¶ 17–18). Property managers were then required to submit biweekly timesheets detailing their work hours. (ECF No. 32 at 4). Pursuant to the company's overtime policy, no Aspen employee is permitted to work overtime without prior

approval from a supervisor. (*See* ECF No. 31-10 at § 6.05). In the event an employee "could not complete all required tasks within normal work hours—or if they needed to work overtime due to an emergency—[employees] were permitted to flex their time during that week in order to avoid" exceeding forty (40) hours.[1] (ECF No. 32 at 5). Property managers also receive monthly, quarterly, semiannual, and annual bonuses.[2] (ECF No. 32 at 7). As relevant here, however, these bonuses were not included in Plaintiff property managers' regular rate of pay when calculating overtime rates.[3] (*Id.*).

Named Plaintiff, Marian Douglas, worked as a property manager for Aspen from approximately August 14, 2014 until on or about June 26, 2019, and was responsible for managing one property—Colonial Estates Apartments in Mount Vernon, Ohio. (ECF No. 31-8 at ¶¶ 3, 7). This particular property consists of approximately 102 rentable units. (*Id.*, ¶ 7). During her time with Aspen, Ms. Douglas' regular work schedule was Monday through Friday, starting at 9:00am and ending at 5:00pm. (*Id.*, ¶ 6). Ms. Douglas alleges she worked roughly four (4) to fifteen (15) hours per week outside the time she recorded on her timesheet. (*Id.*, ¶ 21).

Opt-In Plaintiff Terry Roller also worked as property manager with Aspen from roughly September 9, 2013 to July 24, 2020. (ECF No. 31-6 at ¶ 3). Ms. Roller managed three Aspen properties: Fernwood Apartments in Tiffin, Ohio; Belmont Estates Apartments in Bellevue, Ohio; and Belmont North Apartments in Bellevue, Ohio. (*Id.*, ¶ 7). Ms. Roller's normal work schedule was Monday through Friday starting at 8:30am and ending at 4:30pm. (*Id.*). Ms. Roller alleges she

---

[1] While it is undisputed these guidelines were in place, as will be discussed further, Plaintiffs dispute how they operated in practice. (*See* ECF No. 33 at 7).
[2] "The quarterly, semiannual, and annual bonuses were based on the [properties'] actual net operating income compared to the budgeted net operating income. If actual net operating income met or exceeded the budgeted net operating income during the quarter, half year, or year, a bonus was paid for that quarter, half year, or year. The bonus amounts were $250 for the quarterly goal, $500 for the semiannual goal, and $1000 for the annual goal." (ECF No. 31-8 at ¶ 28).
[3] As will be discussed in more detail, Defendant represents it "now understands that the bonuses should have been included in the Plaintiffs' regular rate[,]" but argues that its failure to do so was not willful. (ECF No. 32 at 7).

2

worked approximately three (3) to seven (7) hours per week outside the time she recorded on her timesheet. (*Id.*, ¶ 18).

Opt-In Plaintiff Julie Stearns was employed as a property manager with Aspen from roughly January 9, 2012 to December 12, 2019. (ECF No. 31-7 at ¶ 3). Ms. Stearns managed four Aspen properties: Riverview Estates Apartments in Napoleon, Ohio; Eastpoint Apartments in Napoleon, Ohio; Pineview Apartments in Napoleon, Ohio; and Arlington Apartments in Defiance, Ohio. (*Id.*, ¶ 7). Ms. Stearn's normal work schedule was Monday through Friday starting at 9:00am and ending at 5:00pm. (*Id.*). Ms. Stearn alleges she worked approximately three (3) to ten (10) hours per week outside the time she recorded on her timesheet. (*Id.*, ¶ 16).

Opt-In Plaintiff Barbara Frazier worked as a property manager with Aspen from roughly July 30, 2012 to June 11, 2020. (ECF No. 31-2 at ¶ 3). Ms. Frazier managed two Aspen properties: Rolling Meadows Apartments in Delaware, Ohio and Evergreen Apartments in Marysville, Ohio. (*Id.*, ¶ 7). Ms. Frazier's normal work schedule was Monday through Friday from 8:00am to 4:00pm. (*Id.*, ¶ 6). Ms. Frazier alleges she worked approximately six (6) to twenty (20) hours per week outside the time she recorded on her timesheet. (*Id.*, ¶ 26).

On December 20, 2019, Named Plaintiff Douglas filed a Complaint against Aspen alleging violations of Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), seeking monetary, declarative, and injunctive relief. (*See generally* ECF No. 1). Defendant filed its Answer on February 18, 2020 (*see* ECF No. 5), and shortly thereafter the Magistrate Judge entered a Scheduling Order. (ECF No. 8). On September 17, 2020, Ms. Douglas moved to amend her Complaint, seeking to bring her FLSA claims as a collective action. (ECF No. 16). The Magistrate Judge granted Plaintiff's Motion (*see* ECF No. 17), and Ms. Douglas then moved for Class Certification (*see* ECF No. 20). Defendant did not oppose Plaintiffs' Motion.

3

(*Id*.). This Court granted Plaintiff's Motion on December 10, 2021, certifying the following class: "[a]ll current and former hourly paid Property Managers employed by Defendant who, during the past three (3) years, received a bonus or other non-discretionary pay." (*See* ECF No. 25). Thereafter, notice was sent to nine putative FLSA class members, and the three opt-in Plaintiffs detailed above, joined the FLSA class—Terry Roller, Barbara Frazier, and Julie Stearns. (*See* ECF Nos. 26–28).

On May 24, 2021, Plaintiffs moved for summary judgment on Count I of the Complaint—FLSA Collective Action, Failure to Pay Overtime. (ECF No. 31). Defendant filed its response in opposition on June 14, 2021 (ECF No. 32), and Plaintiffs filed their reply on June 28, 2021 (ECF No. 33). Plaintiffs' Motion is now ripe for review.

## II. STANDARD

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating such a motion, the evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the non-moving party's favor. *United States Sec. & Exch. Comm'n v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). This Court then asks "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986)). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Evidence that is

4

"merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

On a motion for summary judgment, the initial burden rests upon the movant to present the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there remains a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). In considering the factual allegations and evidence presented in a motion for summary judgment, the Court "views factual evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009). Self-serving affidavits alone, however, are not enough to create an issue of fact sufficient to survive summary judgment. *Johnson v. Washington Cnty. Career Ctr.*, 982 F. Supp. 2d 779, 788 (S.D. Ohio 2013).

### III. LAW & ANALYSIS

Plaintiffs assert Defendant violated FLSA's overtime requirements, and because there is no genuine issue of material fact that such violations occurred, they are entitled to summary judgment. (*See generally* ECF No. 31). This allegation is three-fold. First, Plaintiffs assert that Defendant has violated the FLSA by not paying its property managers for all hours worked in a workweek. (*Id*. at 15–16). Second, Plaintiffs argue Defendant has violated the FLSA by not including non-discretionary bonuses in property managers regular rate of pay for the purpose of calculating overtime. (*Id*. at 16–18). Finally, Plaintiffs maintain that each of these FLSA violations

5

was willful, mandating a three-year lookback period and liquidated damages. (*Id*. at 18–20). This Court addresses each argument *seriatim*.

### A. The Scope of Count One

Before delving into Plaintiffs' arguments for summary judgement, this Court addresses a prefatory point on the scope of Plaintiffs requested relief. In its Response in Opposition, Defendant asserts that Plaintiffs' Motion improperly broadens the scope of the requested relief under Count I. (ECF No. 32 at 8). Defendant maintains that Count I is limited to Plaintiffs' allegation that it failed to include nondiscretionary bonuses in Plaintiffs' regular rates of pay. (*Id*. at 8). Given this, argues Defendant, Plaintiff cannot now assert the Opt-In Plaintiffs performed off-the-clock work for which they were not compensated. (*Id*.). Defendant further asserts Plaintiffs did not seek to conditionally certify—nor did this Court conditionally certify—a collective action concerning individuals who allegedly performed off-the-clock work. (*Id*. at 9 (citing ECF No. 25)). Additionally, Defendant calls this Court's attention to the Notice of Rights sent to punitive class members, which did not mention alleged off-the-clock work. (*Id*. at 9 (citing ECF No. 20-1)). Defendant argues allowing Plaintiffs to proceed with this claim would be highly prejudicial. (*Id*.).

Plaintiffs, meanwhile, argue their First Amended Complaint clearly sets forth claims for off-the-clock work by all Plaintiffs and is not so limited in scope. (ECF No. 33 at 5). In support of this contention, Plaintiffs rely on *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088 (M.D. Tenn. June 25, 2015). (*Id*. at 5). The Court in *Roberts* held that a FLSA overtime claim was properly pled where the plaintiff alleged that: "(1) the defendants were employers as defined by the statute, (2) they and other similarly situated employees regularly worked overtime without compensation, and (3) defendants knew that plaintiffs worked overtime and did not pay

them for it." 2015 WL 3905088, at *6. Plaintiffs maintain they satisfied each of these requirements, and accordingly their class wide FLSA overtime claim was properly pled. (ECF No. 33 at 5–6).

As Plaintiffs correctly assert, an FLSA Overtime claim under § 207(a)(1) is properly pled where the complaint alleges: "(1) the defendants were employers as defined by the statute, (2) [plaintiff] and other similarly situated employees regularly worked overtime without compensation, and (3) defendants knew [] plaintiffs worked overtime and did not pay them for it." *Roberts*, 2015 WL 3905088, at *6. Upon review of Plaintiffs' First Amended Complaint, this Court finds each of these elements satisfied. (*See* ECF No. 18 at ¶ 6 ("At all times relevant herein, Defendant was an employer as that term is defined in the FLSA and O.R.C. § 4111"); *see also id*. at ¶¶ 32–37 (alleging that Plaintiffs are similarly situated and regularly worked overtime without compensation); *id*. at ¶ 38 ("Defendant was aware that Plaintiff[s] . . . regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.")).

Furthermore, the FLSA is a remedial statute that "has been construed liberally to apply to the furthest reaches consistent with congressional direction." *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211, (1959). Given this liberal construction, coupled with the allegations in the Complaint detailed above, this Court finds Plaintiffs sufficiently pled class wide FLSA overtime violations. Additionally, this Court finds that any prejudice to Defendant is slight, since they have been on notice of these class wide allegations since the First Amended Complaint was filed in September 2020. *See Roberts,* 2015 WL 3905088, at *7 ("[T]he courts within the Sixth Circuit have been clear that extensively detailed factual pleading is not required in the context of an FLSA claim, so long as a defendant is given sufficient notice of the *prima facie* claim [] it is being asked to defend."). With this resolved, this Court turns to the merits of Plaintiffs' Motion.

### B. FLSA Overtime Violation

Plaintiffs allege they were not compensated at one and one-half times their regular rate, or at all, for hours they worked above forty (40) in a workweek as required under § 207(a)(1) of the FLSA. (ECF No. 31 at 15). Furthermore, they allege Defendant did not keep records of the hours they worked each workday and each workweek, as required by 29 CFR §516.2(a)(7). (*Id.*). In fact, Plaintiffs represent that, not only did Defendant not maintain these records, but it also actively discouraged them from recording their hours. (*Id.*). In support of this assertion, Plaintiff offers several alleged statements from Jami Stoner, Defendant's corporate representative. (*See* ECF No. 31-2 at ¶ 16 (Ms. Stoner allegedly telling Opt-in Plaintiff Frazier that everyone works overtime, but they are not to report it); *see also* ECF No. 31-8 at ¶ 23 (Ms. Stoner "told [Named Plaintiff] Douglas [] she was not permitted to report overtime hours on her timesheets unless there was a special circumstance for the overtime hours"); ECF No. 31-6 at ¶ 20 (Opt-in Plaintiff Roller "complained to Ms. Stoner about answering calls outside her normal work"); ECF No. 31-7 ("Ms. Stoner knew that [Opt-in Plaintiff] Stearns worked overtime because the two routinely had phone calls that took place outside the hours [] reported on her timesheets.")).

Given this evidence, say Plaintiffs, they are entitled to make a reasonable estimate of the hours they worked by showing the amount and extent of that work as a matter of just and reasonable inference. (ECF No. 31 at 16 (citing *Acosta v. Min & Kim, Inc.*, 919 F.3d 361, 365 (6th Cir. 2019))). They maintain they have done so by outlining the specific tasks they performed and the amount and extent of that work. (*See id*. at 5–12). In the alternative, Plaintiffs offer the personal journal of Opt-in Plaintiff Frazier, in which she recorded the hours she worked outside of what was reported on her timesheets, including the tasks she performed. (*Id*. at 11). This journal, contend Plaintiffs, offers a sufficient sample size to extrapolate to the remaining Plaintiffs and to the other

8

years Ms. Frazier worked during the lookback period. (*Id*. at 16 (citing *United States Dep't of Labor v. Five Star Automatic Fire Prot.*, *LLC*, 987 F.3d 436, 444 (5th Cir. 2021)). Given this evidence, Plaintiffs assert the burden now shifts to Defendant to offer evidence of either the precise amount of work performed or to undermine the reasonableness of Plaintiffs' inferences. (*Id*.).

Although this Court has found Plaintiffs properly pled class-wide overtime claims (*see supra* Part III (A)), Defendant nonetheless maintains summary judgment is inappropriate. (*Id*.). Defendant argues that a genuine issue of material fact exists as to both whether Plaintiffs were permitted to work overtime and whether Plaintiffs actually worked the overtime hours they allege. (*Id*.). Defendant represents that its policy preventing property managers from working overtime establishes it "did not 'suffer' or 'permit'" Plaintiffs to work overtime, which relives them from liability for any alleged overtime compensation violations. (*Id*. at 11 (quoting *Millington v. Morrow Cty. Bd. of Comm'rs*, No. 2:06-CV-347, 2007 WL 2908817, *9 (S.D. Ohio Oct. 4, 2007))). Furthermore, it argues that it had no actual or constructive knowledge Plaintiffs performed any work for which they were not compensated. (*Id*. at 12).

In Reply, Plaintiffs reassert the arguments made in their initial Motion—that there is no genuine issue of material fact as to Defendant's failure to pay them overtime. Plaintiffs specifically emphasize that Ms. Stoner's affidavit, purporting to show her lack of knowledge, is "self-serving" and insufficient to create a genuine issue of material fact. (*Id*. at 7 (citing *Operating Engineers Loc. 324 Health Care Plan v. Diversicon Excavating LLC*, No. 12-11492, 2015 WL 225506 (E.D. Mich. Jan. 16, 2015))).

Pursuant to § 207(a) of the FLSA, employers are required to pay their employees time-and-a-half for work performed in excess of forty hours per week. *Acs v. Detroit Edison Co.*, 444 F.3d 763, 764–65 (6th Cir.2006). "An employee who brings a claim under the FLSA for unpaid

9

overtime compensation has the burden of proving that he performed work for which he was not adequately compensated." *Millington v. Morrow Cty. Bd. of Comm'rs*, No. 2:06-CV-347, 2007 WL 2908817, *5 (S.D. Ohio Oct. 4, 2007). Furthermore, where an employer "knows or has reason to believe [] the employee is continuing to work, and that work was suffered or permitted by the employer, the employee must be compensated for overtime even if the employer did not ask that the employee work during that time." *Id*. (citing *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 718 (2d Cir.2001). Importantly, however, "'an employer cannot suffer or permit an employee to perform services about which the employer knows nothing.'" *Id*. (quoting *Holzapfel v. Town of Newburgh, N.Y.*, 145 F.3d 516, 524 (2d Cir.1998)).

While the parties make prefatory arguments about the reliability of Plaintiffs' hours calculations and the sufficiency of Defendant's record keeping, this Court must first resolve a question of *scienter*. The parties dispute whether Defendant had sufficient knowledge that Plaintiffs were working overtime, despite the policy which prohibited any such work without express permission. In support of their positions, each party offers what amount to self-serving affidavits. Plaintiffs' affidavits show the amount of work each was responsible for and the alleged amount of overtime required to complete that work. (*See* ECF Nos. 31-2, 31-6, 31-7, 31-8). Plaintiffs also offer several statements alleging Ms. Stoner actively discouraged them from logging any overtime hours on their time sheets. (*Id*.). Defendant, on the other hand, maintains that it had no knowledge, constructive or otherwise, Plaintiffs were working overtime, particularly given that these hours were not reported on their time sheets.

Upon review of these competing narratives, this Court finds that there is a genuine issue of material fact as to whether Defendant had sufficient knowledge to know Plaintiffs performed work for which they were not adequately compensated. Specifically, there is evidence Plaintiffs may not

10

have been able to complete their work during regular hours, as well as evidence that Defendant did not know Plaintiffs were conducting work outside of normal hours. This is particularly true given Defendant's policy regarding overtime as well as instructions from Ms. Stoner to "flex time" when Plaintiffs were nearing overtime during a particular week.

Courts in this circuit have denied recovery in FLSA cases "where an employee is aware of her employer's system for reporting work that falls outside the employee's normal, forty-hour shift, but fails to report that work." *Frye v. Mem'l Baptist Hosp., Inc.*, No. 07–2708, 2011 WL 1595458, at *9 (W.D. Tenn. Apr. 27, 2011). While Aspen had such a system for reporting overtime work, Plaintiffs allege they were actively discouraged from reporting overtime under this system. Defendant, meanwhile, asserts that there was no such discouragement, and to the extent Plaintiffs requested overtime, they were properly paid. Given these disputed facts, this Court cannot conclude as a matter of law, that Defendant had sufficient knowledge Plaintiffs were working overtime hours, for which they were not compensated. *See Lockhart v. D&S Residential Servs., LP*, No. 218CV02586JPMCGC, 2020 WL 4432421 (W.D. Tenn. July 31, 2020) ("'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]'"). Accordingly, Plaintiffs' request for summary judgment on this issue is **DENIED**.

### C. Opt-in Plaintiff Frazier's Severance Agreement and Release

With regard to Opt-in Plaintiff Frazier's claims and the journal recording her alleged overtime hours, Defendant argues that both are improper given the Severance Agreement and Release she entered into. (ECF No. 32 at 12). In this Release, Ms. Frazier agreed that Defendant "'has paid [her] all wages, including but not limited to overtime wages, due to [her.]'" (*Id*. (quoting ECF No. 32-17)). This agreement, says Defendant, necessarily precludes Ms. Frazier's claim that

she performed off the clock work, as well as any reliance on her journal for extrapolating the amount of hours other Plaintiffs allegedly worked during the relevant period. (*Id*.). Should the Court allow Plaintiffs to rely on Ms. Frazier's journal, Defendants seek leave to file a counterclaim against her for breach of contract. (*Id*. at 10). Plaintiffs, meanwhile, argue that Supreme Court precedent makes clear that FLSA claims cannot be waived through private agreement. (*Id*. at 9–10 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945))). Given this well-established precedent, Plaintiffs maintain Defendant should not be permitted to "raise a new, unidentified counterclaim[.]" (*Id*.).

The Sixth Circuit has held that "FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate." *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 388 (6th Cir. 2016). In fact, many Courts across the country have held similarly. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 n.4 (2d Cir. 2015) (noting that the Fourth, Seventh, and Eighth Circuits have held that a waiver of a FLSA claim in a private settlement is invalid). Ms. Frazier's run-of-the-mill severance agreement is precisely the type of agreement pondered by these Courts when determining employees cannot waive FLSA claims through private settlement. *Nasrallah v. Lakefront Lines, Inc.*, No. 1:17 CV 69, 2017 WL 2291657, * 6 (N.D. Ohio May 25, 2017) (rejecting an employer's argument that an employee's FLSA claim was waived where she had signed a settlement agreement asserting "she was appropriately compensated for all hours worked and paid all sums owed as a result of her employment").

Accordingly, Opt-in Plaintiff Frazier's Severance Agreement and Release does not preclude her from asserting FLSA claims here. This conclusion, however, is not determinative of the sufficiency of Ms. Frazier's journal as a basis for extrapolating the amount of over-time

Plaintiffs worked during the relevant period. As detailed above, there is a genuine issue of material fact as to whether Defendant knew Plaintiffs were working overtime hours for which they were not compensated, so this Court cannot yet evaluate any proposed calculation of Plaintiffs' alleged overtime hours. Furthermore, to the extent Defendant wishes to assert a counterclaim against Ms. Frazier (*see* ECF No. 32 at 10), any such amendment would be denied as futile given the foregoing analysis. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (recognizing that a Court may consider the "futility of the amendment" when evaluating a motion to amend).

### D.  FLSA Overtime Violation – Non-discretionary Bonuses

Next, Plaintiffs assert Defendant improperly included their non-discretionary bonuses in the regular rate of pay for the purpose of calculating overtime. (*Id*. at 16). Plaintiffs maintain that this failure constitutes a violation of 29 CFR §778.211(b). (*Id*. at 17). In the alternative, should this Court determine that these bonuses are discretionary, Plaintiffs argue that summary judgment is nonetheless appropriate as these bonuses are individual production bonuses as contemplated by 29 CFR §778.211(c). (*Id*.). Plaintiffs argue that such bonuses must also be included in the property managers' regular rate of pay. (*Id*.). Because these bonuses were not included, Plaintiffs argue that summary judgment is appropriate. (*Id*.).

In response, Defendant concedes that the monthly, quarterly, semiannual, and annual bonuses paid to Plaintiffs "were not included in [their] regular rate of pay when calculating overtime rates." (ECF No. 32 at 7). Defendant represents it now understands [] the bonuses should have been included in the Plaintiffs' regular rate. (*Id*.). Defendant maintains, however, that its failure to include these bonuses in Plaintiff's regular rate was not willful. (*Id*.). Defendant further claims that because Plaintiffs' alleged actual damages on this claim are readily ascertainable, a

hearing on actual damages is unnecessary, and this Court should determine the amount of fees Plaintiffs are entitled to recover on this claim only. (*Id*. at 10).

Under the FLSA, Plaintiffs are entitled to compensation equal to one and one-half times her regular rate of pay for each hour worked in excess of forty hours per week. 29 U.S.C. 1207(a)(1). The "regular rate" is deemed to include "all remuneration for employment," including certain nondiscretionary bonuses. 29 U.S.C. § 207(e). Where a bonus is "calculated on a predetermined bases" which causes the employee to "expect [it] regularly," such a bonus is generally considered nondiscretionary. *Casarez v. Producers Serv. Corp.*, No. 2:17-CV-1086, 2020 WL 1874132, * 6 (S.D. Ohio Jan. 28, 2020); *see also Chao v. Port City Grp.*, No. 1:04-CV-609, 2005 WL 3019779, at * 9 (W.D. Mich. Nov. 10, 2005)(finding bonuses which incentivized employees to "work more steadily or rapidly or more efficiently" were considered non-discretionary).

The bonuses at issue were based on the actual net operating income compared to the budgeted net operating income. (ECF No. 31 at 13). Plaintiffs received bonuses based on: (1) "the amount of expected rental income received versus the total amount of collected rental income;" (2) "lease renewals for current tenants;" and (3) "new tenant move-ins." (*Id*. at 13). These bonuses were implemented at the beginning of Plaintiffs' employment and were used as incentives to increase revenue for Defendant. (*Id*.). Given this configuration, this Court finds these bonuses were non-discretionary and, therefore, should have been included in Plaintiffs' regular rate.

In her deposition, Ms. Stoner readily admits that Defendant did not include these bonuses in Plaintiffs' regular rate of pay. (ECF No. 31-1). Furthermore, as highlighted above, Defendant concedes it did not follow the mandated requirements for such bonuses pursuant to the FLSA. (*See* ECF No. 32 at 7, 10 ("The bonuses were not included in the Plaintiffs' regular rate of pay when

14

calculating overtime rates."). Accordingly, Plaintiffs' request for summary judgment on this issue is **GRANTED**. However, as detailed below, the matter of whether this FLSA violation was willful is a question of disputed fact which must be resolved by a jury.

### E. Statutory Period: Whether Aspen's Violation was Willful

Finally, Plaintiffs assert that Defendant knew or showed reckless disregard, that its conduct was prohibited by FLSA. (*Id.* at 18). Plaintiffs allege Defendant had actual knowledge that they were working overtime and told them not to record those hours on their timesheets. (*Id.*). Accordingly, Plaintiffs argue the aforementioned violations were willful and a three-year lookback period and liquidated damages should be applied. (*Id.* at 18–19 (citing *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999)). For its part, Defendant asserts that to the extent there were FLSA violations, they were not willful. (ECF No. 32 at 2, 7).

Under federal law, to establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 (1985)). For example, the Sixth Circuit has found that an employer's violation was willful where the employer "'had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA.'" *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir.1999) (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir.1991)) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir.1988)). A willful violation requires the employer have acted recklessly, at least; it is not sufficient that the employer acted unreasonably. *McLaughlin*, 486 U.S. at 135 n. 13.

As detailed above, this Court has already determined there exists a genuine issue of material fact as to whether Defendant knew Plaintiffs were working overtime hours for which they were not adequately compensated. Given this determination, this Court similarly cannot determine, for the purposes of summary judgment, that any alleged FLSA violation by Defendant was willful. Accordingly, Plaintiffs' request for summary judgment on this issue is **DENIED**.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (ECF No. 31) is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

                                                                              **ALGENON L. MARBLEY**
                                                                              **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 2, 2022**